## COLLIS PRODUCTS CO. v. CADILLAC PRODUCE CO.

(District Court, W. D. Michigan, S. D. April 2, 1923.)

Patents ☞328—1,356,340, for process of evaporating buttermilk, held void for anticipation by prior use.

 The Collis patent, No. 1,356,340, for process of evaporating buttermilk, claims 1 and 2, *held* void for anticipation by the process of the Ekenberg patent, No. 784,995, as practiced for several years before the invention by Collis.

In Equity. Suit by the Collis Products Company against the Cadillac Produce Company. Decree for defendant.

Decree affirmed 300 Fed. 332.

Samuel W. Banning, of Chicago, Ill., for appellant.

Howard M. Cox, of Chicago, Ill. (Cheever & Cox, of Chicago, Ill., on the brief), for appellee.

SESSIONS, District Judge. It is seldom that, in a patent case, anticipation by prior use is so completely and conclusively established as in the present one. The testimony of the witnesses at Cortland, N. Y., is clear, positive, and convincing, and is corroborated by the production of the original machines with which the process was practiced, and also by drawings, blueprints, and photographs. Nothing is left to conjecture or inference. During a period of five or six years prior to the claimed date of the Collis invention, the Ekenberg Company was engaged openly in the production of dried buttermilk, in commercial quantities, by a process in all essential respects identical with the process of the patent in suit, and with machines closely resembling the machine illustrated and described in such patent. The raw material (buttermilk, a creamery by-product) to which the process was applied was the same. The patented process of treatment of buttermilk was followed step by step in the same sequence. As in the process of the patent, the first step in the Ekenberg process was to thoroughly mix by agitation and thus to reduce to a homogeneous mass the constituent elements (whey and curd) of buttermilk; the sec-

ond step was to spray the liquid mixture resulting from such agitation upon the surface of a steam-heated revolving drum to effect evaporation of the moisture, and the deposit upon the drum of the dried solid portions of such mixture; and the third step was to remove the buttermilk so dried from the surface of the drum. The mechanical means employed by the Ekenberg Company in the practice of its process, except in two particulars, were substantially the same, and were operated in substantially the same way, as those described in the Collis patent.

The process described in the specification and embodied in the claims of the patent in suit, and also the apparatus by means of which plaintiff makes use of such process in the manufacture of buttermilk powder, cannot be distinguished from the process followed and the machines operated by the Ekenberg Company for the same purpose, except, possibly, in two respects: (1) The Ekenberg machines were operated under vacuum conditions, while the Collis machine is operated under ordinary atmospheric conditions. (2) In the Ekenberg machines the spray pipes through which the liquid buttermilk was delivered upon the surface of the heated drum extended across the concave ends as well as along the sides of the drum, while in the Collis machine these perforated spray pipes are placed along the sides of the drum only and not upon the ends. Plaintiff contends that the use of the vacuum and the spray pipes at the ends of the drum resulted in such a change in environment and in such a pre-condensation or fore-condensation of the buttermilk as to essentially differentiate the two processes, and that, so differentiated, the earlier was not an anticipation of the later; in other words, that the omission from the Collis process of vacuum conditions and the use of spray pipes at the ends of the drum constituted patentable invention. There are several obvious answers to this contention:

(1) Ekenberg patent, No. 784,995, under which the Ekenberg Company practiced its process, expressly teaches, in both specification and claim, that the apparatus therein described can be used "in vacuum or under ordinary atmospheric pressure."

(2) In neither specification nor claim does Collis exclude, expressly or by inference, the vacuum feature of the process, and the claims are sufficiently broad to permit the practice of the process under vacuum conditions.

(3) The vacuum in the Ekenberg operation was a condition rather than a step. Certainly the creation of a vacuum condition was not a necessary step in that process.

(4) The most that can be claimed for the vacuum condition is that its creation was a preliminary step in the Ekenberg process. Even so, the omission by Collis of both the step and its sole function or benefit did not constitute invention.

(5) Differences consisting of the employment or nonemployment of a vacuum and spray pipes at the ends of the heated drum are differences merely of degree, and not of kind or character. The sole function of these two devices is to hasten or accelerate or increase evaporation and condensation. The same result, varying only in degree, is

accomplished in the same way in the two operations. Moisture evaporates more rapidly and at a lower temperature in a vacuum than in the open air. Likewise an increased exposure of liquid to a heated surface hastens evaporation and condensation. But the evidence shows that, in the Collis process, only 1 per cent. of the buttermilk sprayed upon the heated drum adheres to and dries upon the surface of the drum, while the other 99 per cent., after being exposed to the heat of the drum, is returned to the tank, and thence to the pump, and is thus again agitated and mixed with new or fresh buttermilk. This process is repeated many times, and necessarily involves pre-evaporation and consequent pre-condensation.

(6) The evidence is insufficient to warrant a finding that the omission of the use of the vacuum and spray pipes at the ends of the heated drum constituted patentable improvement, considered from the standpoint of economy, efficiency, quality of product, or other beneficial result.

Clearly it cannot be doubted that, if the Ekenberg process had been used after the issuance of the Collis patent, such use would have constituted infringement. Therefore, under familiar rules, prior use of the same process must constitute anticipation.

A decree will be entered, dismissing the bill of complaint, with costs to the defendant to be taxed.